**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CRIMINAL ACTION NO.** |
| ) | |
| v. ) | **2:23-CR-30** |
| ) | |
| **TIEN NGUYEN,** ) | |
| **Defendant.** ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**
**and VARIANCE REQUEST**

BACKGROUND

Mr. Tien Nguyen stands before this Court in more trouble than he has ever imagined possible. Mr. Nguyen understands that he alone put himself in this situation. He is profoundly remorseful and realizes the seriousness of this felony conviction. Mr. Nguyen will never become involved in illegal conduct again. Notwithstanding his contrition, Mr. Nguyen understands that his offense requires the appropriate attention and response of this Court.

Mr. Nguyen timely pled Guilty and admitted his illegal conduct. Mr. Nguyen signed over several contested assets and has fully accepted his responsibility and then some.

Mr. Nguyen is a divorced 33-year-old father of a young daughter. He has no felony priors or any criminal history. Mr. Nguyen understands that he will now be a Felon for the rest of his life. This fact and the corresponding felony repercussions weigh heavily on him.

Counsel believes that a **Probated** sentence would still provide just punishment for this offense. Counsel files this Memorandum asking for a sentence of **Probation**.

<u>LEGAL BASIS and ARGUMENT</u>

Counsel knows that the Court is sophisticated and has conducted many sentencings. As such, Counsel will keep this Sentencing Memo short and direct.

<u>General:</u>

Counsel acknowledges 18 USC §3553 of the United States Code as well as this non-violent and non-drug offense that Defendant has timely pled Guilty.

Counsel believes that punishment includes the following: punishment for punitive purposes, deterrence and rehabilitation. The Court has the ability to invoke all three of these reasons with a sentence of **Probation or a hybrid of Probation.**

**In the alternative, Counsel would ask the Court to go no higher than sentencing guideline 14. Counsel arrives at 14 by adding in the lesser loss of $150k to $250k AND the new §4C1.1 sentencing guideline.**

<u>Specific (New Guideline):</u>
1.      Effective 11/01/2023, USSG §4C1.1 becomes appliable.

Adjustment for Certain Zero-Point Offenders:

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

**Decrease the offense level determined under Chapters Two and Three by 2 levels.**

Specific (Loss Percentage):

2. Under USSG §2B1.1(b)1(G), the range is between $250k and $500k. However, under USSG §2B1.1(b)1(F), the range is between $150k and $250k. The amount of money accessed unlawfully by Defendant "contained approximately $253,122.16" (see Paragraph 18 of the PSR).

Had Defendant unlawfully accessed $3,123 (rounding up) less, then he would have fallen under USSG §2B1.1(b)1(F). This lesser computation would have put Defendant at a level 10 as opposed to level 12. So, for about 1% more of the amount at issue - Defendant gets an extra 2 points. Counsel would request that the Court consider the baseline number and vary or depart downward 2 levels.

----------

<u>Further GENERAL REQUEST</u>     (Incarceration – FCI, North Texas Area)

***Counsel asks for a Probated Sentence.***

However and in the alternative, Counsel would ask the Court for BOP placement in the North Texas area.  Defendant's family lives in the North Texas area.  Counsel realizes that the BOP does not have to follow a Court's request; however, per 18 U.S.C. 3621 (b) (4), BOP Program Statement 5100.07 (welcoming a sentencing judge's recommendation and accommodating it) and this attorney's experience, the BOP will try to honor a Court's request.

<u>Further GENERAL REQUEST</u>     (Self Surrender)

Counsel has already filed a separate Motion for Self-Surrender.  Defendant would ask that the Court allow him to self-surrender.   Defendant will abide by any decision the Court makes but would appreciate the extra time to prepare for an incarceration sentence (if the Court makes that decision).

**REQUEST**

Defendant asks that the Court GRANT the relief requested in this Motion.

                                    Respectfully Submitted,

                                    By: /s/ Kirk F. Lechtenberger
                                    KIRK F. LECHTENBERGER
                                    Texas Bar No. 12072100

                                    183 Parkhouse Street
                                    Dallas, Texas 75207
                                    O     214 / 871-1804
                                    E     kflechlawyer@gmail.com

**CERTIFICATE OF SERVICE**

I, Kirk F. Lechtenberger, certify that a true and correct copy of this Motion was filed with the Court via ECF delivery.

Dated: 09/20/2023

                                    By: /s/ Kirk F. Lechtenberger
                                    KIRK F. LECHTENBERGER